OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
Northern District of California

CIVIL MINUTES

**Date:** June 25, 2020        **Time:** 1:30-1:57=        **Judge:** EDWARD M. CHEN
                                27 Minutes

**Case No.**: 20-cv-03084-EMC     **Case Name:** Garcia Gonzalez v. William P. Barr et al

**Attorney for Plaintiff:** Kari Hong
**Attorney for Defendant:** Pam Johann

**Deputy Clerk:** Angella Meuleman        **Court Reporter:** Ana Dub

**PROCEEDINGS HELD BY ZOOM WEBINAR**

[18] Motion for Temporary Restraining Order held.

**SUMMARY**

Parties stated appearances and proffered argument. For the reasons stated on the record, the Court **DENIED** Mr. Garcia-Gonzalez's emergency petition for a writ of habeas corpus **without prejudice**.

Mr. Garcia-Gonzalez is currently detained at the Yuba County Jail. He filed a habeas petition seeking release from U.S. Immigration and Customs Enforcement's custody based on the following two arguments: (1) detaining him where he is at high risk of contracting COVID-19 violates due process; and (2) his 30-month detention is unconstitutionally prolonged.

The Court declines to consider the first argument because it was expressly rejected by Judge Chhabria in *Zepeda Rivas v. Jennings*, No. 20-cv-02731-VC (N.D. Cal.) in which Mr. Garcia-Gonzalez is a provisional class member. On May 27, 2020, Judge Chhabria denied Mr. Garcia-Gonzalez's bail request without prejudice and, in doing so, considered Mr. Garcia-Gonzalez's risk of being infected with COVID-19 as well as the danger he posed to the community. This Court's decision to defer to Judge Chhabria's ruling is consistent with other orders from this District. *See, e.g.*, *Montoya Echeverria v. Barr*, No. 20-cv- 02917-JSC, 2020 WL 2759731, at *5 (N.D. Cal. May 27, 2020) (proper remedy was to seek clarification of the *Zepeda Rivas* order); *Sahota v. Allen*, No. 20-cv-03180-WHO, 2020 WL 2992872, at *3 (N.D. Cal. June 4, 2020) (same). To the extent that Mr. Garcia-Gonzalez argues that his weathering argument constitutes newly-discovered evidence, the Court finds that he could have presented it before Judge Chhabria, but failed to do so—*i.e.*, this evidence was attached to Mr. Garcia-Gonzalez's first

1

TRO, which predated his bail application with Judge Chhabria.  Moreover, this Court stayed Mr. Garcia-Gonzalez's initial TRO pending the outcome in *Zepeda Rivas*, so Mr. Garcia-Gonzalez's counsel could have contacted class counsel in *Zepeda Rivas*.

With respect to his second argument, while Mr. Garcia-Gonzalez has been in custody since December 2017, he has been afforded numerous opportunities to challenge his detainment:

- **February 7, 2019**:  Mr. Garcia-Gonzalez received a bond hearing at the order of Judge Corley.  The immigration judge found that the government met its burden in proving that Mr. Garcia-Gonzalez was a flight risk or a danger to the community;

- **August 28, 2019**:  The BIA affirmed the IJ's decision to refuse bond;

- **November 6, 2018**:  Following multiple continuances at Mr. Garcia-Gonzalez's request (so he could retain counsel), an immigration judge conducted a merits hearing on Mr. Garcia-Gonzalez's removal.  The IJ denied his application for relief and ordered him removed.  He appealed to the BIA;

- **April 24, 2019**:  BIA dismissed Mr. Garcia-Gonzalez's appeal;

- **March 17, 2020**:  Mr. Garcia-Gonzalez's petition for review of the BIA's dismissal is fully briefed before the Ninth Circuit;

- **April 29, 2020**:  Judge Chhabria certified a provisional class, which included Mr. Garcia-Gonzalez;

- **May 22, 2020**:  Mr. Garcia-Gonzalez filed an application for release before Judge Chhabria; and

- **May 27, 2020**:  Judge Chhabria denied Mr. Garcia-Gonzalez's application for release without prejudice.

This Court finds the 30-month detention not unconstitutionally prolonged in light of the foregoing, particularly in light of the hearing last month on his detention before Judge Chhabria, which was consistent with due process.  Nor is his detention indefinite or unforeseeable within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001), where a detainee's confinement is unconstitutional because he or she is in a "removable-but-unremovable limbo." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).  Here, Mr. Garcia-Gonzalez's removal order is pending appeal before the Ninth Circuit and there is no reason to believe the matter will not be definitively decided; he does not contend that if the removal order is affirmed, his home country will not take him back.  Mr. Garcia-Gonzalez relies on *Sahota*, where Judge Orrick refused to "grant the extraordinary remedy of release," but instead ordered a bond hearing within 30 days. *Sahota*, 2020 WL 2992872, at *6.  But *Sahota* is distinguishable; it involved the Ninth Circuit remanding the petitioner's BIA appeal back to the BIA in order to apply the clear-and-convincing standard.  *Id*. at 2.  The scheduling of such remand—and therefore the petitioner's further detention—was uncertain.  *Id*.  Here by contrast, there is no such uncertainty.  Mr.

Garcia-Gonzalez's petition for review before the Ninth Circuit is fully briefed and is on schedule to be decided. There is no risk of remand here because the BIA correctly applied the heightened standard of review. This case is therefore analogous to *Salgado v. Barr*, No. 20-CV-02319-EMC (N.D. Cal. May 18, 2020) where this Court found that the prolonging of detention was the result of the detainee's appeal of the removal order. Moreover, as in in *Salgado*, under *Mathews v. Eldridge*, 424 U.S. 319 (1976), an additional bond hearing would not add value to the procedural safeguards already afforded, since there have been no changed circumstances regarding his danger to the community since his last bond hearing in February 2019.

Mr. Garcia-Gonzalez has therefore not demonstrated a due process entitlement to a TRO for either release or for a new detention hearing at this juncture. His TRO motion is therefore **DENIED without prejudice** should circumstances materially change in the future.

At the hearing, counsel for Mr. Garcia-Gonzalez indicated that the TRO motion covered the entirety of the separately-filed habeas petition. Parties agreed that the petition may be denied. Accordingly, Mr. Garcia-Gonzalez's habeas petition is **DENIED** on the merits. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment and close the file.